```
 1  NICOLA T. HANNA
    United States Attorney
 2  BRANDON D. FOX
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  VICTOR A. RODGERS
    California Bar No. 101281
 6  Assistant United States Attorney
    Asset Forfeiture Section
 7       Federal Courthouse, 14th Floor
         312 North Spring Street
 8       Los Angeles, California 90012
         Telephone: (213) 894-2569
 9       Facsimile: (213) 894-0142
         E-mail: Victor.Rodgers@usdoj.gov
10
    Attorneys for Plaintiff
11  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) Case No. 2:20-CV-01156 |
|---|---|
| Plaintiff, | ) COMPLAINT FOR FORFEITURE |
| v. | ) 18 U.S.C. § 981(a)(1)(A) and (C) and |
| $208,420.00 IN U.S. CURRENCY, | ) 21 U.S.C. § 881(a)(6) |
|  | ) [HSI] |
| Defendant. | ) |

Plaintiff United States of America brings this claim against defendant $208,420.00 In U.S. Currency, and alleges as follows:

JURISDICTION AND VENUE

1. Plaintiff United States of America brings this *in rem* forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this District pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $208,420.00 in U.S. Currency (the "defendant currency") seized by law enforcement officers on or about February 20, 2019 during the execution of a State of California search warrant at Stephanie Smith's Pacific Palisades, California residence.

6. The defendant currency is currently in the custody of the United States Customs and Border Protection, Department of Homeland Security in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Stephanie Smith may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

Background Of The Investigation

8. In 2017, law enforcement officers received information that buildings situated on San Bernardino, California commercial real properties located at 660 N. E Street, 1694 N. D Street and 328 S. Mt. View Avenue were being used to conduct illegal indoor marijuana grow operations. The information officers received included complaints that a strong odor of marijuana was emanating from large exhaust fans running at all hours at the E Street and D Street locations and Southern California Edison's

advising that the buildings at the three locations were using a large amount of power approximately five times the normal monthly power usage for comparatively-sized buildings which could strain and cause the electrical transformers at those sites to fail and result in electrical fires and power losses to other Southern California Edison customers.  Because grow lights, electrical ballasts, exhaust blowers, air conditioning units, charcoal filters, $CO_2$ units, humidifiers and other equipment needed to grow marijuana consume large amounts of electricity and therefore result in high electricity bills, it is common that buildings housing illegal marijuana grow operations will use large and excessive amounts of electricity.

9.   When officers then conducted surveillance at the three San Bernardino locations, officers noticed that the buildings situated thereon had no visible windows that would allow light to shine through or the public to see inside the buildings. Indoor marijuana grow operators will often keep windows and blinds in their grow facilities closed or boarded, in order to conceal their illegal activities from the public and law enforcement and to regulate light entering the marijuana grow facility that would otherwise interfere with the light inside the facility needed to create optimal conditions for growing marijuana.

10.   While conducting the surveillance officers also noticed that there were armed security guards controlling entry into and exit from the building on the E Street property.  Armed security guards similar to those at banks are often used by indoor marijuana grow operators, in order to provide protection

from individuals that might attempt to steal money or product situated inside the indoor marijuana grow facility.

11. Officers learned that Stephanie Smith owned the Mt. View Avenue property while Smith limited liability companies Gardena Business Group LLC and Heavy D LLC, respectively owned the E Street and D Street real properties. Based on a California Department of Motor Vehicles check, officers determined that Smith's driver license did not reflect as her residence address her actual Pacific Palisades residence but instead provided that Smith's residence address was a UPS store that had post box office services and was located over one mile from Smith's Pacific Palisades home. In addition, officers determined from additional record checks that Smith's businesses, while owning the various real properties where buildings were used to conduct illegal indoor marijuana grow operations, similarly listed the same UPS store address as the location of those businesses.

12. Also, based on a record check on two Tesla vehicles officers saw at Smith's Pacific Palisades residence, officers learned that Smith listed the address of the same UPS store on the vehicles' registrations rather than her Pacific Palisades address despite the fact that the vehicles were registered in Smith's name. Individuals involved in illegal narcotic activity will often attempt to conceal their physical address in an attempt to avoid detection by law enforcement.

<u>Officers' Execute Search Warrants At Smith Properties</u>

13. On or about December 13, 2017, officers executed a State of California search warrant at the three locations and

4

found approximately 35,221 mature marijuana plants.  In addition, a building inspector present at the 1694 N. D Street property red-tagged the building and posted a "Do Not Enter or Occupy" notice, after concluding that the building was unsafe because of, among other things, fire explosion and electrical hazards and the blockage of emergency egress from the building.  In addition, Southern California Edison was present at the D Street property on December 13, 2017, and cut power to the building after determining that there was an electrical hazard in the building.

14.  In addition, officers also executed a State of California search warrant on or about December 13, 2017 at Smith's Pacific Palisades residence and found an $88,000.00 Southern California Edison bill for charges at 4010 Georgia Boulevard in San Bernardino, California.  Officers determined that Smith owned and managed Bubba Likes Tortillas LLC, a company that in turn owned the Georgia Boulevard real property.

15.  About five days later, on or about December 18, 2017, Smith's attorney requested from officers an extension of time to cure the red tag violation at the D Street Property and further stated that the reason people were smelling marijuana coming from the Georgia Boulevard property was because there was an indoor marijuana grow being conducted there.  When officers executed a State of California search warrant at the Georgia Boulevard property the next day on December 19, 2017, officers found about 14,000 mature marijuana plants weighing approximately 8,000 pounds.

16. In total, the searches at Smith's properties at 660 N. E Street, 1694 N. D Street, 328 S. Mt. View Avenue and 4010 Georgia Boulevard in San Bernardino, California yielded approximately 12 tons of marijuana in various stages of growth. Based upon the drug price list for indoor hydroponic cannabis issued by the U.S. Drug Enforcement Administration, Los Angeles High Intensity Drug Trafficking Areas (also known as "HIDTA") Group, that quantity of marijuana is valued at between $40 to $76 million.

17. During the December 2017 search of Smith's Pacific Palisades residence, officers found evidence reflecting Smith's ownership of the San Bernardo properties referenced above and the buildings situated thereon in which the illegal indoor marijuana grow operations were conducted. The evidence included handwritten receipts for construction work performed at the buildings, financial records of the building purchases, rental agreements listing Smith as the buildings' lessor and containing specific instructions to the lessees for marijuana cultivation and documents reflecting Smith applying for marijuana cultivation permits from the City of San Bernardino.

18. In addition, during the December 2017 search of Smith's Pacific Palisades residence officers also found documents identifying Valley Equities LLC, which officers determined was a business located at 444 North H Street in San Bernardino and owned by Smith. When officers conducted surveillance at that location on or about January 29, 2019, officers could smell marijuana emanating from the building situated on the property, saw that a security guard was guarding

the building and the building had no windows. In addition, Southern California Edison workers told officers when officers were conducting surveillance at the H Street property on or about January 31, 2019 that they (the Southern California Edison workers) were conducting an investigation of the H Street property for marijuana cultivation.

19. Officers executed a State of California search warrant at the H Street property on or about February 6, 2019, and found about 5,218 marijuana plants weighing approximately 2,647 pounds. About one week later, and despite the fact that building inspectors had red-tagged the building because the building was unsafe (meaning that the building owner and the public could not lawfully be inside the building), on February 14, 2019, officers saw five males inside the building at the H Street property loading marijuana cultivation equipment into a trailer. When officers told the individuals that the individuals were not allowed to be inside the red-tagged building, one of the individuals told officers that he wanted to call his son, whom the individual stated was the H Street property manager and had instructed the individual's crew to travel to and retrieve the equipment from inside the building, so that the individual could tell his son/H Street property manager what officers had advised. The individual called his son, and handed the telephone to officers to allow them to speak with the son. During the initial telephone conversation and a second telephone conversation that occurred shortly thereafter, the son told officers that he worked for Smith in maintaining Smith's properties free from vandalism and had sent workers that

1 day at Smith's direction to the H Street facility to remove all
2 marijuana cultivation equipment of value from the building.
3 Officers' Seizure Of The Defendant Currency
4     20. On or about February 20, 2019, officers executed a
5 State of California search warrant at Smith's Pacific Palisades
6 residence. During the search, officers found in the garage
7 hundreds of Hydrocodone and Alprazolam (Xanax) pills, or far
8 above the quantity of medication a normal person would be
9 prescribed for an injury or illness. In addition, officers
10 found the defendant currency in the backyard inside a green
11 ammunitions can or box situated under the master bedroom outside
12 a door step, a cloth bag situated inside a propane barbeque
13 grill that was closed and against the west side kitchen wall and
14 a paint can situated in a shelf by a wall next to a gate.
15     21. The defendant currency constitutes traceable proceeds
16 of illegal narcotic transactions and/or was involved in illegal
17 money laundering transactions. Smith has stated multiple times
18 that she leases her and her companies' buildings to tenants that
19 conduct marijuana cultivation operations thereon. In addition,
20 Smith has stated that she receives top-dollar rental income from
21 her cannabis grow tenants. Smith would not have received these
22 funds but for her leasing of her properties to tenants
23 conducting marijuana grow operations. In addition, Smith's
24 representatives have admitted that the approximately $200,000.00
25 (i.e., the defendant currency) officers seized from Smith at her
26 Pacific Palisades home on February 20, 2019 constitutes rent
27 from Smith's cash-only business marijuana cultivation tenants.
28

(See https://therealdeal.com/la/2019/02/25/cannabis-landlord-denied-license-while-in-jail-on-drug-charges/).

22. In addition, the defendant currency itself bears further indicators of drug trafficking, including that the funds were stacked, rubber-banded and in denominations consistent with drug trafficking (i.e., twenty, fifty and one hundred dollar bills).

## FIRST CLAIM FOR RELIEF

23. Plaintiff incorporates the allegations of paragraphs 1-22 above as though fully set forth herein.

24. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking, was intended to be used in one or more exchanges for a controlled substance or listed chemical, or was used or intended to be used to facilitate a controlled substance or listed chemical violation, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

25. Plaintiff incorporates the allegations of paragraphs 1-22 above as though fully set forth herein.

26. Based on the above, plaintiff alleges that the defendant currency constitutes or is derived from proceeds traceable to a controlled substance violation, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D). The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

/ / /

### THIRD CLAIM FOR RELIEF

27. Plaintiff incorporates the allegations of paragraphs 1-22 above as though fully set forth herein.

28. Based on the above, plaintiff alleges that the defendant currency constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation. The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

### FOURTH CLAIM FOR RELIEF

29. Plaintiff incorporates the allegations of paragraphs 1-22 above as though fully set forth herein.

30. Based on the above, plaintiff alleges that the defendant currency constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1957(a), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation. The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

   (d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: February 5, 2020

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/ Victor A. Rodgers*

VICTOR A. RODGERS
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

VERIFICATION

I, Aaron J. Zephir, hereby declare that:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations.

2. I have read the above Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or was obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 24, 2020 at Long Beach, California.

_____
Aaron J. Zephir