NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
     Federal Courthouse, 14th Floor
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2569
     Facsimile: (213) 894-0142
     E-mail:   Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>$208,420.00 IN U.S. CURRENCY,<br><br>                Defendant. | No. 2:20-CV-01156<br><br>EX PARTE APPLICATION FOR ORDER APPOINTING THE DEPARTMENT OF HOMELAND SECURITY-CUSTOMS AND BORDER PROTECTION AS SUBSTITUTE CUSTODIAN IN PLACE OF THE U.S. MARSHALS SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES |

Pursuant to Supplemental Rule E(4)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions and Local Rule E.14(a) of the Local Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, plaintiff United States of America hereby respectfully applies for an order appointing the Department of Homeland Security – Customs and Border Protection as the substitute custodian in place of the United States Marshals

1  Service.  This application is based on the attached memorandum of

2  points and authorities, the pleadings and files in this action, and

3  such further evidence and argument as the Court may permit.

4  Dated: February 5, 2020          Respectfully submitted,

5                                   NICOLA T. HANNA
                                    United States Attorney
6                                   BRANDON D. FOX
                                    Assistant United States Attorney
7                                   Chief, Criminal Division
                                    STEVEN R. WELK
8                                   Assistant United States Attorney
                                    Chief, Asset Forfeiture Section
9
                                          /s/
10                                  _____
                                    VICTOR A. RODGERS
                                    Assistant United States Attorney
11
                                    Attorneys for Plaintiff
12                                  UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff United States of America ("plaintiff" or the "government") seeks an order appointing the Department of Homeland Security – Customs and Border Protection ("CBP") as the substitute custodian in place of the United States Marshals Service ("USMS").

This is an in rem civil forfeiture action governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"). Supplemental Rules G(3) and E(4)[1] govern the execution of process and custody of property in an in rem civil forfeiture action.

Upon the filing of an in rem civil forfeiture complaint against property in the government's custody, the clerk of the court must issue an arrest warrant. Supplemental Rule G(3)(b)(i). Ordinarily, the USMS has management, and disposal of seized assets for forfeitures enforced by Department of Justice ("DOJ") agencies (and certain others). However, Supplemental Rule G(3) permits persons other than USMS to execute process where appropriate:

**(c) Execution of Process.**

(i) The warrant and any supplemental process must be delivered to a person or organization authorized to execute it, who may be: (A) a marshal or any other United States officer or employee . . . or (C) someone specially appointed by the court for that purpose.

Supplemental Rule G(3)(c)(i)(A) and (C)(underlining emphasis added).

---

[1] See Supplemental Rule G(1), which provides that Supplemental Rule E applies to an in rem civil forfeiture action to the extent that Supplemental Rule G does not address an issue.

1      Custody of property in an <u>in rem</u> civil forfeiture action is

2  governed by Supplemental Rule E(4).  The appointment of a substitute

3  custodian is a practice contemplated by that Supplemental Rule and

4  the Local Rules for Admiralty and Maritime Claims.  Supplemental Rule

5  E(4)(b) ("If tangible property is to be attached or arrested, the

6  marshal or other person or organization having the warrant shall take

7  it into the marshal's possession for safe custody"); Local Admiralty

8  Rule E.14(a) ("When . . . property is brought into the Marshal's

9  custody by arrest or attachment, the Marshal shall arrange for

10 adequate safekeeping . . . .  A substitute custodian in place of the

11 Marshal may be appointed by order of the Court").

12     In cases brought by non-DOJ agencies such as this matter, the

13 USMS' process and custody duties are handled by others as "substitute

14 custodian" for USMS.  See <u>Asset Forfeiture Policy Manual</u> (2008), Ch.

15 5, Sec. I(A)-(B) (available at

16 http://www.usdoj.gov/criminal/foia/docs/PolicyManual108.pdf) (noting

17 that in cases brought by non-DOJ agencies such as the instant matter

18 in which CBP is the investigating agency, the USMS' process and

19 custodian duties are handled by others as "substitute custodian" for

20 the USMS); <u>Scotiabank de Puerto Rico v. M/V Atuti</u>, 326 F. Supp. 2d

21 282, 284 (D. Puerto Rico 2004) ("A substitute custodian is held to

22 the same standard of care as the U.S. Marshals, which is essentially

23 a reasonable standard of care").

24     Here, the seizing and investigating agency is CBP.  CBP is

25 within the Department of Homeland Security.  Accordingly, the USMS is

26 not the proper custodian of the defendant property, and CBP should be

27 appointed to be the custodian and to execute process.

28 ///

                                    2

For the foregoing reasons, the government respectfully requests that this Court appoint CBP as the substitute custodian in place of the USMS.

Dated: February 5, 2020              Respectfully submitted,

                                     NICOLA T. HANNA
                                     United States Attorney
                                     BRANDON D. FOX
                                     Assistant United States Attorney
                                     Chief, Criminal Division
                                     STEVEN R. WELK
                                     Assistant United States Attorney
                                     Chief, Asset Forfeiture Section


                                     _____/s/_____
                                     VICTOR A. RODGERS
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA