**O**

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   v.<br><br>$208,420.00 IN U.S. CURRENCY,<br><br>         Defendant. | Case No. 2:20-CV-01156-ODW (RAOx)<br><br>**ORDER DENYING CLAIMANT'S MOTION TO STAY CASE [23]** |

## I.  INTRODUCTION

On February 5, 2020, Plaintiff United States of America ("the Government") initiated this *in rem* forfeiture action against Defendant $208,420.00 in U.S. Currency ("Defendant Currency").  (*See* Compl., ECF No. 1.)  Claimant Stephanie Smith contends that the Defendant Currency constitutes lawful rent proceeds and moves for a mandatory stay pursuant to 18 U.S.C. § 981(g)(2).  (*See generally* Mot. Stay ("Motion" or "Mot."), ECF No. 23.)  For the following reasons, Smith's Motion is **DENIED**.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

In 2017, law enforcement officers received information that three commercial properties Smith owned in San Bernardino, California, were being used for illegal indoor marijuana growing operations.  (Compl. ¶¶ 8, 11.)  Subsequently, officers executed a search warrant on the properties and discovered approximately 35,221 mature marijuana plants.  (*Id.* ¶ 13.)  On February 20, 2019, officers searched Smith's residence and found the Defendant Currency in the backyard inside an ammunitions can.   (*Id.* ¶ 20.)   The Government alleges the Defendant Currency "constitutes traceable proceeds of illegal narcotic transactions and/or was involved in illegal money laundering transactions."  (*Id.* ¶ 21.)

The Government initiated this action against the Defendant Currency, asserting that it is subject to forfeiture based on its connection to unlawful activity.  (*See generally* Compl.)  Smith moved for a mandatory stay, claiming there is a related criminal investigation against her, and this civil forfeiture action burdens her Fifth Amendment right against self-incrimination.  (*See generally* Mot.)  Smith also claims the Defendant Currency "constitutes lawful rent proceeds."  (*See* Am. Verified Claim, ECF No. 26.)  The Motion is fully briefed.  (*See* Opp'n, ECF No. 25; Reply, ECF No. 27; Surreply, ECF No. 33.)  On August 12, 2020, the Court granted Smith's ex parte application to stay discovery pending resolution of this Motion.  (*See* Order, ECF No. 24.)

## III.   LEGAL STANDARD

Under the Civil Asset Forfeiture Reform Act of 2000, courts must grant a claimant's request to stay a civil forfeiture action where the claimant shows that she: (1) "is the subject of a related criminal investigation or case"; (2) "has standing to assert a claim in the civil forfeiture proceeding"; and (3) failure to stay the case will burden her right against self-incrimination in the related criminal investigation or case. *See* 18 U.S.C. § 981(g)(2).

## IV.   DISCUSSION

Smith contends that the Court must stay this forfeiture action because, among other things, she is the subject of a criminal investigation that is closely related to this case.  (*See* Mot. 5–6.)  The Government counters, asserting that Smith has failed to demonstrate that she is the subject of any criminal investigation.  (*See* Opp'n 6–7.)  The Government is correct.

Pursuant to 18 U.S.C. § 981(g)(4): "the terms 'related criminal case' and 'related criminal investigation' mean *an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made*."  (emphasis added).  Smith submits several documents to support her claim that she is currently the subject of a related criminal investigation, including: (1) notices of violation from the City of San Bernardino served in November 2017; (2) copies of discovery requests and responses concerning an action in state court that were served in 2018; (3) a search warrant from the San Bernardino Police dated February 19, 2019; and (4) the docket from a criminal case closed in June 2019.  (*See* Decl. of Ben Eilenberg, Exs. A–G, ECF Nos. 23-2–23-8.)  However, none of these documents demonstrate an actual investigation or case in progress when Smith moved to stay this civil forfeiture action. *Cf. United States v. Proceeds from Sale of a Condo. Located at Ritz-Carlton in Los Angeles, California*, No. SACV15CV01110JVSDFMX, 2018 WL 6318833, at *3 (C.D. Cal. Oct. 23, 2018) (finding a mandatory stay warranted where the claimants demonstrated they were indicted in a closely related criminal case just two months before moving to stay the civil forfeiture proceeding).

The Government correctly notes that, "at best, [Smith] has shown that the San Bernardino Police Department conducted a criminal investigation of [her] between November 2017 and June 2019."  (Opp'n 7.)  Relevantly, the Government represents that "there is no actual federal criminal drug investigation in progress regarding [Smith]."  (*Id.*)  Thus, there is no evidence that any agency—state or federal—was conducting a related criminal investigation or case involving Smith after June 2019.

Smith's failure to demonstrate the existence of a related ongoing criminal investigation or case in progress when she filed the Motion defeats her claim that she is entitled to a mandatory stay.[2]   (*See* Mot. 5–6.)   Accordingly, the Motion is **DENIED.**

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Smith's Motion.  (ECF No. 23.) Additionally, the stay of discovery in this action is hereby **LIFTED**.


**IT IS SO ORDERED.**


February 18, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

---

[2] Based on the Court's determination that a stay is not warranted, it need not consider Smith's remaining arguments concerning standing and the Fifth Amendment.