O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$208,420.00 IN U.S. CURRENCY,<br><br>    Defendant. | Case No. 2:20-cv-01156-ODW (RAO)<br><br>**ORDER DENYING MOTION TO WITHDRAW AS COUNSEL OF RECORD [47]** |

## I.   INTRODUCTION

Jacek W. Lentz, counsel for Claimant Stephanie Smith, seeks to withdraw as counsel of record.  (Mot. to Withdraw ("Mot."), ECF No. 47.)  For the reasons set forth below, the Court **DENIES** Lentz's Motion.[1]

## II.   BACKGROUND

On February 5, 2020, Plaintiff United States of America ("the Government") initiated this *in rem* forfeiture action against Defendant $208,420.00 in U.S. Currency.  (*See* Compl., ECF No. 1.)  In response to the Government's forfeiture action, Smith moved for a mandatory stay pursuant to 18 U.S.C. § 981(g)(2).  (ECF No. 23.)  The Court denied Smith's motion because she failed to establish that she was the subject

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

of any criminal investigation. (ECF No. 36.) Smith moved for reconsideration, which the Court denied. (ECF Nos. 37, 45.)

### III. LEGAL STANDARD

Local Rule 83-2.3.2 requires an attorney to obtain leave from the Court to withdraw as counsel. California's Rules of Professional Conduct generally govern an attorney's conduct before this Court, including circumstances permitting withdrawal. L.R. 83-3.1.2. The California Rules of Professional Conduct authorize withdrawal when the client "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4).

A motion for leave to withdraw "must be supported by good cause." L.R. 83-2.3.2. The district court has discretion to permit or deny an attorney's withdrawal. *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-CV-3200 PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009).

### IV. DISCUSSION

Lentz's Motion fails for at least two reasons. **First**, Lentz fails to support his Motion with good cause. Lentz requests that the Court permit his withdrawal because "[Smith] and [Lentz] have irreconcilable differences with regard to case tactics and strategy and [have] experience[d] a complete breakdown in communication[,] which makes further representation impossible." (Decl. of Jacek Lentz ¶ 2, ECF No. 47.) Beyond that vague representation, Lentz fails to provide any information detailing the extent of the "breakdown in communication" with his client or why further representation would be "impossible." This is insufficient to demonstrate good cause to permit Lentz's withdrawal.

**Second**, Smith will be prejudiced by Lentz's withdrawal. Smith opposes Lentz's Motion and claims that Lentz "took this matter on a contingency . . . with a large, up-front payment" and Lentz has not agreed to return that payment. (Opp'n 4, ECF No. 53.) Smith also contends that the fact discovery cutoff in this case in November 15, 2021, and Lentz is still in possession of her client file. (*Id.*) Smith

argues that in light of these facts, Lentz's withdrawal will make it unreasonably difficult to find a new attorney and conduct discovery before the upcoming deadline. (*Id.*) The Court agrees with Smith and finds that Lentz's withdrawal would be prejudicial.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Lentz's Motion to Withdraw. (ECF No. 47.)

**IT IS SO ORDERED.**

August 6, 2021

$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}$
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**

!