O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>$208,420.00 IN U.S. CURRENCY,<br><br>　　　　　Defendant,<br><br>STEPHANIE SMITH,<br><br>　　　　　Claimant. | Case № 2:20-cv-01156-ODW (RAOx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AND FOR DEFAULT JUDGMENT [75]** |

## I. INTRODUCTION AND BACKGROUND

On February 5, 2020, Plaintiff United States of America (the "Government") initiated this *in rem* forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A) & (C) and 21 U.S.C. § 881(a)(6). (Compl. ¶ 1, ECF No. 1.) Through this action, the Government seeks forfeiture of $208,420.00 in U.S. currency (the "Defendant Funds") that was seized by law enforcement officers on or about February 20, 2019 during the execution of a State of California search warrant at Stephanie Smith's California residence. (*Id.* ¶ 5.) The Government alleges that the Defendant Funds "constitutes traceable proceeds of illegal narcotic transactions and/or was involved in illegal money laundering


transactions" in violation of 21 U.S.C. § 841 and 18 U.S.C. §§ 1956(a)(1)(B)(i), (c)(7)(A); 1957(a); 1961(1)(D). (*Id.* ¶¶ 21, 24, 26, 28, 30.) The Government asserts that the Defendant Funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), (C) and 21 U.S.C. § 881(a)(6). (*Id.*)

The Government identified named Claimant Stephanie Smith having a potential interest in the Defendant Funds. (*Id.* ¶ 7.) Smith has appeared in this action and has engaged in discovery with the Government; however, the Government demonstrates that Smith has failed to cooperate with Court orders and has not produced anything. (Mot. Default J. ("Motion" or "Mot.") 3–4, ECF No. 75; Decl. Victor A. Rodgers ("Rodgers Decl.") ¶¶ 2–5.) Specifically, on February 19, 2021, the Government served Smith with a set of interrogatories, a set of requests for production of documents and a set of special interrogatories, all pursuant to Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Mot. 3–4; Rodgers Decl. ¶¶ 2, 3.)

The Government argues that "[a]lthough nearly one year has passed, claimant has failed to answer the government's February 19, 2021 written discovery requests, despite the fact the government extended claimant's deadline . . . and the Court . . . ordered claimant to answer . . . by December 15, 2021." (Mot. 1.) The Government confirms that "[t]o date, claimant has provided absolutely nothing to the government." (*Id.*) Accordingly, the Government moves to strike Smith's Claim, (ECF Nos. 12, 26), and Answer, (ECF No. 14)—and also moves for default judgment. Smith did not file an opposition to the Motion.

After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. As explained below, the Court **GRANTS** in **PART** and **DENIES** in **PART** the Motion. The Court grants as unopposed the Government's Motion to strike Smith's Claim and Answer, but the Government does not show it meets the procedural

requirements for default judgment, and the Court accordingly denies the Government's Motion for entry of default judgment.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Federal Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules 54(c) and 55, as well as Local Rules 55-1 and 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and that (5) the defaulting party was properly served with notice, if required under Federal Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). In exercising discretion, a court considers several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and

(7) the strong policy underlying the [Rules] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  However, the Court need not make detailed findings of fact in the event of a default judgment.  *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

### III.   DISCUSSION

As explained below, the Court grants as unopposed the Government's Motion to strike Smith's Claim and Answer to the Complaint.  However, the Government does not show that it satisfied the procedural requirements for a default judgment in an *in rem* forfeiture action, and the Court thus denies the Government's Motion for default judgment.

**A. Motion to Strike Smith's Claim and Answer**

In its Motion, the Government first seeks to strike Smith's Claim and Answer.  Pursuant to Local Rule 7-9, any opposition to the Government's Motion was due no later than twenty-one days before the February 14, 2022 hearing date.  The Court did not receive any opposition to the Motion.

"The failure to file [an opposition], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." C.D. Cal. L.R. 7-12; *see Hines v. Toyota Motor Sales, U.S.A., Inc.*, 504 F. App'x 642, 643 (9th Cir. 2013) (affirming grant of unopposed motion to dismiss, based on Local Rule 7-12).  Here, granting the Motion to strike as unopposed pursuant to the Local Rule will result in the dismissal of Smith's Claim, which is substantially similar to dismissing an action.  Before dismissing an action pursuant to a local rule, courts must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  The first factor always weighs in favor of dismissal, *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir.

1999), and the fourth factor often weighs against dismissal, *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998).

Here, the public has a strong interest in timely resolving this litigation, as it is related to the Government's seizure of funds generated from criminal activity. Thus, the first factor weighs in favor of striking Smith's Claim and Answer. Additionally, this action has been pending for nearly two and a half years, and the parties have made little to no progress in discovery due to Smith's failure to respond to discovery requests and produce documents. Thus, the Court's need to manage its docket weighs strongly in favor of striking Smith's Claim and Answer. Moreover, as of January 12, 2022, Smith is represented by attorney Richard B. Jacobs, (ECF No. 73), who is registered on CM/ECF and who is therefore presumptively receiving email notification of the filings in this case. Smith has demonstrated, through her consistent failure to produce discovery responses and comply with Court orders, along with the fact that she did not respond in any way to the Government's Motion, that moving this litigation forward requires no less drastic a measure than striking Smith's appearances. Thus, the fifth factor also weighs strongly in favor of striking Smith's Claim and Answer. Accordingly, the Court **GRANTS** as unopposed the Government's Motion to strike Smith's Claim and Answer and **STRIKES** those filings.

**B. Motion for Entry of Default and Default Judgment**

Having reviewed the filings in this action, the Court is not satisfied that the Government has met the procedural requirements as to all potential claimants other than Smith. Notice was adequately provided to Smith, and Smith received such notice, as is evidenced by her sporadic involvement in the action. However, the Government does not show that notice was adequately served and published as to other potential claimants. (*See generally* Mot.) Moreover, the Government has not satisfied the procedural requirements of Federal Rule 55 and Local Rule 55-1 by submitting a declaration verifying: (1) the Clerk has entered default as to all potential claimants; (2) no potential claimants responded to the Complaint; (3) Smith is not an infant or

incompetent person; and (4) Smith is not in the military, so the Service Members Civil Relief Act does not apply.  Thus, the Court **DENIES** the Government's Motion for default judgment without prejudice.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART and DENIES IN PART** the Government's Motion. (ECF No. 75.)

The Court **STRIKES** Smith's Claim, (ECF Nos. 12, 26), and Answer, (ECF No. 14).  However, the Court denies the Government's Motion for default judgment, without prejudice to refile such Motion within **sixty (60) days** from the date of this Order.

**IT IS SO ORDERED.**

June 8, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**