O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>$208,420.00 IN U.S. CURRENCY,<br><br>                    Defendant,<br><br>STEPHANIE SMITH,<br><br>                    Claimant. | Case № 2:20-cv-01156-ODW (RAOx)<br><br>**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT [86]** |

## I. INTRODUCTION AND BACKGROUND

On February 5, 2020, Plaintiff United States of America (the "Government") initiated this *in rem* forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A), (C) and 21 U.S.C. § 881(a)(6). (Compl. ¶ 1, ECF No. 1.) Through this action, the Government seeks forfeiture of $208,420.00 in U.S. currency (the "Defendant Funds"), seized by law enforcement officers on or about February 20, 2019, during execution of a State of California search warrant at Stephanie Smith's California residence. (*Id.* ¶ 5.) The Government alleges that the Defendant Funds "constitute[] traceable proceeds of illegal narcotic transactions and/or w[ere] involved in illegal money laundering transactions"

1  in violation of 21 U.S.C. § 841 and 18 U.S.C. §§ 1956(a)(1)(B)(i), (c)(7)(A); 1957(a);
2  and 1961(1)(D). (*Id.* ¶¶ 21, 24, 26, 28, 30.) The Government asserts that the Defendant
3  Funds are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), (C) and
4  21 U.S.C. § 881(a)(6). (*Id.*)

5        The Government originally identified Claimant Stephanie Smith as having a
6  potential interest in the Defendant Funds. (*Id.* ¶ 7.) Smith has appeared in this action
7  and initially engaged in discovery with the Government; however, the Government
8  demonstrated that Smith has since failed to cooperate with Court orders and has not
9  produced any discovery in over a year. (First Mot. Default J. ("First Mot." or "First
10 Motion") 3–4, ECF No. 75.) In its First Motion for Default Judgment, the Government
11 argued that "[a]lthough nearly one year has passed, claimant has failed to answer the
12 government's February 19, 2021 written discovery requests, despite the fact the
13 government extended claimant's deadline . . . and the Court . . . ordered claimant to
14 answer . . . by December 15, 2021." (*Id.* at 1.) Accordingly, the Government moved to
15 strike Smith's Claim, (ECF Nos. 12, 26), and Answer, (ECF No. 14), and also moved
16 for default judgment. Smith did not file an opposition to the Government's First
17 Motion.

18       On June 8, 2022, the Court granted the Government's request to strike Smith's
19 Claim. (*See* Order Granting in Part & Denying in Part First Mot. ("First Order"), ECF
20 No. 79.) However, the Court denied the Government's request for default judgment,
21 finding that the Government failed to show that it met the procedural requirements as
22 to all potential claimants other than Smith. (*Id.* at 5.) Although the Government showed
23 that Smith received adequate notice of this action, it failed to show that notice was
24 adequately served and published as to other potential claimants. (*Id.*)

25       The Government now moves for the second time for default judgment as to the
26 Defendant Funds, against the interests of Smith and all other potential claimants.
27 (Second Mot. Default J. ("Second Mot." or "Second Motion"), ECF No. 86). In its
28 Second Motion, the Government seeks to cure the deficiencies in its First Motion by

2

asserting that it provided the requisite notice of this action to all potential claimants in addition to Smith. (*Id.* at 1.) Specifically, on March 2, 2022, the Government provided notice of this action by internet publication for thirty days on www.forfeiture.gov, pursuant to Supplemental Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action ("Supplemental Rules"). (*Id.*; *see* Decl. Victor A. Rodgers ("Rodgers Decl.") ¶ 4, Ex. B, ECF No. 86-3.) Moreover, process was executed on the Defendant Funds by the United States Marshals Service in accordance with the Supplemental Rules. (Second Mot. 1; Rodgers Decl. ¶ 3, Ex. A, ECF No. 86-2.)

Pursuant to Supplemental Rule G(5), the time for any potential claimant to file a claim or answer in this action has expired. (Second Mot. 2; Rodgers Decl. ¶ 6.) No potential claimant other than Smith filed a claim or an answer. (Second Mot. 2; Rodgers Decl. ¶ 7.) As stated above, Smith's Claim and Answer were ultimately stricken and thus, there presently is no valid claim or answer in this action. (*See* First Order.) On June 28, 2022, the Clerk of the Court entered default against the interests of Smith and all other potential claimants regarding the Defendant Funds. (Default, ECF No. 85.)

Pursuant to Local Rule 7-9, any opposition to the Government's Second Motion was due no later than twenty-one days before the August 1, 2022 hearing date. The Court has not received any opposition to the Second Motion. After carefully considering the papers filed in support of the Second Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the August 1, 2022 hearing. As explained below, the Court **GRANTS** the Government's Second Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Federal Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are

accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules 54(c) and 55, as well as Local Rules 55-1 and 55-2. Local Rule 55-1 requires that the plaintiff submit a declaration establishing: (1) when and against which party default was entered; (2) the pleading for which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Federal Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). In exercising discretion, a court considers several factors (the "*Eitel* Factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the [Rules] favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). However, the Court need not make detailed findings of fact in the event of a default judgment. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

### III. DISCUSSION

Having reviewed the filings in this action, the Court is satisfied that the Government has met all procedural requirements for obtaining a default judgment against the interests of Smith and all other potential claimants. Notice was adequately

served and published. The time for filing a claim or an answer has expired and no valid claims or answers are pending. The Government has satisfied the procedural requirements of Federal Rule 55 and Local Rule 55-1 by submitting a declaration verifying that: (1) the Clerk entered default against the interests of Smith and all other potential claimants on June 28, 2022; (2) Smith was the only potential claimant who filed an answer or claim and both her Answer and Claim were stricken; (3) no other potential claimants responded to the Complaint; (4) Smith is not a minor or incompetent person; and (5) Smith is not in the military, so the Service Members Civil Relief Act does not apply. (*See* Rodger Decl. ¶¶ 5–10.)

Further, the Court finds that on balance, the *Eitel* factors weigh in favor of granting the Government's Second Motion. The allegations establish that Defendant Funds represents or is traceable to real property involved in, used, or intended to be used to commit or to facilitate the commission of one or more acts in violation of illegal in violation of 21 U.S.C. § 841 and 18 U.S.C. §§ 1956(a)(1)(B)(i), (c)(7)(A); 1957(a); and 1961(1)(D). In light of the well-pleaded allegations in the Complaint and the fact that no valid claims have been filed, the Government's interest in an efficient resolution of the case outweighs any potential claimant's interest in adjudication on the merits. *PepsiCo*, 238 F. Supp. 2d at 1177 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.").

Finally, having determined that entry of default judgment is appropriate, the Court notes that the relief requested does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); (Compl. ¶ 5; *id.*, Prayer for Relief (c)). Thus, forfeiture of the Defendant Funds to the Government for disposition according to law is proper.

///

///

///

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Government's Second Motion. (ECF No. 86.) The Court will issue a judgment consistent with this Order.

**IT IS SO ORDERED.**

July 26, 2022

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**OTIS D. WRIGHT, II**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**